1

2

3

4

5

6

7

8

9

10 IN THE UNITED STATES DISTRICT COURT

11 FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13 ALEX GULDBECK and KIMBERLY A        No    C 09-cv-05733 VRW
ANDERSON,

14                                 ORDER

15          Plaintiffs,

         v

16

17 BNC MORTGAGE INC, CHASE HOME
FINANCE LLC, FIRST AMERICAN
LOANSTAR TRUSTEE SERVICES,

18 MORTGAGE ELECTRONIC REGISTRATIONS
SYSTEMS INC, VOORHEES VENTURES

19 INC, and DOES 1-100,

20          Defendants.

21 ————————————————————

22        Plaintiffs Alex Guldbeck and Kimberly A Anderson filed

23 this action on September 28, 2009 in San Mateo County superior

24 court.  Doc #1.  Defendant Voorhees Ventures Inc ("Voorhees")

25 removed the action on December 7, 2009.  Id.

26        The complaint alleges twenty-four causes of action

27 associated with the 2006 mortgage loan and the 2009 non-judicial

28 foreclosure of plaintiffs' home at 1096 Barcelona Drive, Pacifica,

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

CA 94044, Doc #1-1 Exh A at 7 (Compl), and names five defendants: Voorhees, Chase Home Finance LLC ("Chase"), First American Loanstar Trustee Services ("Loanstar"), Mortgage Electronic Registrations Systems Inc ("MERS") and BNC Mortgage Inc.  Id.  Plaintiffs dismissed BNC Mortgage as a defendant pursuant to FRCP 41(a)(2). Doc #17.  Each remaining defendant moves to dismiss pursuant to FRCP 12(b)(6).  Doc ##5, 10, 12.

I

On a FRCP 12(b) motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party.  <u>General Conference Corp of Seventh-Day Adventists v Seventh-Day Adventist Congregational Church</u>, 887 F2d 228, 230 (9th Cir 1989). Accordingly, what follows is drawn from plaintiffs' complaint taking their allegations as true.

A

On November 21, 2006 plaintiffs executed and delivered to BNC Mortgage a promissory note in the amount of $736,250 with a monthly payment amount of $5,075.22 for a fully amortizing 30 year term at a 6.725 percent rate.  Compl ¶16.  As part of the same transaction, plaintiffs executed and delivered to MERS, as beneficiary, a Deed of Trust, by the terms of which the plaintiffs conveyed to T D Service Company, as trustee, the real property at issue.  Id ¶14.  On March 27, 2009 Loanstar caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust Notice to plaintiffs, alleging that plaintiffs were in default by an

United States District Court

For the Northern District of California

1    amount of $18,834.86 as of March 27, 2009.  Id ¶21, p77.  Loanstar

2    further informed plaintiffs that it, as beneficiary, would sell or

3    cause to be sold plaintiffs' property to satisfy that obligation.

4    Id at 77.  The March 27, 2009 actions constituted a non-judicial

5    foreclosure.  On May 4, 2009 a Substitution of Trustee was

6    recorded, whereby the original trustee, T D Service, substituted

7    Loanstar as the new trustee of the 1096 Barcelona Drive property.

8    Doc #11 at 30.  On May 13, 2009 an Assignment of Deed of Trust was

9    recorded, whereby MERS assigned all beneficial interest under the

10   deed to Wells Fargo Bank.  Id at 33.  On July 1, 2009 Loanstar

11   recorded a Notice of Trustee Sale, whereby the plaintiffs were

12   informed that the 1096 Barcelona Drive property would be sold at

13   public auction to the highest bidder.  Id at 35.  On August 17,

14   2009 plaintiffs mailed a rescission letter pursuant to the Truth

15   and Lending Act to Loanstar.  Compl ¶18.  To date, the defendants

16   have not removed the recorded Notice of Default under the Note.

17   Id ¶22.

18

19                                    B

20          A motion to dismiss under FRCP 12(b)(6) for failure to

21   state a claim upon which relief can be granted "tests the legal

22   sufficiency of a claim."  Navarro v Block, 250 F3d 729, 732

23   (9th Cir 2001).  Because FRCP 12(b)(6) focuses on the sufficiency

24   of a claim —— and not the claim's substantive merits ——

25   "[o]rdinarily[] a court may look only at the face of the complaint

26   to decide a motion to dismiss."  Van Buskirk v Cable News Network,

27   Inc, 284 F3d 977, 980 (9th Cir 2002).

28   //

                                     3

**United States District Court**
For the Northern District of California

        Dismissal can be based on the lack of a cognizable legal
theory or the absence of sufficient facts alleged under a
cognizable legal theory.  <u>Balistreri v Pacifica Police Dep't</u>, 901
F2d 696, 699 (9th Cir 1990).  Allegations of material fact are
taken as true and construed in the light most favorable to the
nonmoving party.  <u>Cahill v Liberty Mutual Ins Co</u>, 80 F3d 336,
337–38 (9th Cir 1996).  The court need not, however, accept as true
allegations that are conclusory, legal conclusions, unwarranted
deductions of fact or unreasonable inferences.  See <u>Sprewell v</u>
<u>Golden State Warriors</u>, 266 F3d 979, 988 (9th Cir 2001).  "In sum,
for a complaint to survive a motion to dismiss, the non-conclusory
factual content, and reasonable inferences from that content must
be plausibly suggestive of a claim entitling the pleader to
relief."  <u>Moss v US Secret Service</u>, 572 F3d 962, 969
(9th Cir 2009).


                                II

        Collectively, defendants argue that claims seven, eleven,
fourteen, eighteen, nineteen, twenty-two and twenty-three are all
time-barred.  The court rules that the applicable statutes of
limitations are not equitably tolled; claims seven, eleven, and
twenty-two are time-barred; claims eighteen and nineteen are
partially time-barred; and claims fourteen and twenty-three are not
time-barred.


                                A

        Claim seven alleges three separate violations of the Real
Estate Settlement Procedures Act ("RESPA").  Plaintiffs allege that

United States District Court

For the Northern District of California

1   (1) they tendered the full amount under the note (2) Loanstar

2   failed to comply with RESPA by not responding to plaintiffs' Notice

3   of Dispute and Request for Accounting notices (3) defendants are

4   not entitled to continue with said foreclosure because of an

5   improper statutory execution of the Deed of Trust.  Compl ¶¶40-42.

6       Claim eleven alleges that defendants violated the Truth

7   in Lending Act ("TILA") by using the word "fixed rate" for an

8   adjustable rate mortgage, thereby violating TILA disclosure

9   requirements of material loan terms.  Id ¶¶180-182.  Plaintiffs

10  further allege that defendants' disclosure violations "were

11  apparent on the face of the Note, HUD-1 Disclosure Statement, Truth

12  in Lending Disclosure Statement, Notice of Right to Cancel, and

13  other loan documentation."  Id ¶183.

14      Plaintiffs bring three separate tort claims, including

15  claim eighteen for intentional infliction of emotional distress,

16  claim nineteen for negligent infliction of emotional distress and

17  claim twenty-two for negligence per se.  Both claims for emotional

18  distress draw on facts associated with defendants' conduct during

19  "the negotiations and execution of the subject Note, and the

20  recordation of the Notice of Default and Notice of Trustee Sale."

21  Id ¶224.  Plaintiffs' negligence per se claim alleges that the

22  defendants are required, pursuant to Cal Civ Code §2923.6, to make

23  "loan modifications with borrowers, if doing so would maximize the

24  net present value of return-on-investment in comparison to the

25  likely return from a foreclosure sale."  Id ¶236.

26      In response to defendants' timeliness motions, plaintiffs

27  assert that the statutory periods should be equitably tolled for

28  each of the claims except claim seven, for which plaintiffs fail to

United States District Court

For the Northern District of California

address the timeliness issue.  The court finds no grounds for the plaintiffs' request for equitable tolling.

B

The doctrine of equitable tolling extends the statutory period only where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  <u>Santa Maria v Pac Bell</u>, 202 F3d 1170, 1178 (9th Cir 2000). Equitable tolling "focuses on whether there was excusable delay by the plaintiff," and "does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing."  Id.

Plaintiffs oppose the defendants' timeliness motions with a single argument found in the Voorhees opposition:

> In this case, Plaintiffs pled that their broker deceived them not only as to the true terms of the alleged agreement, but also so that he would not conduct further investigation at the time. Plaintiffs did not know the true terms of the loan until they hired counsel.   Therefore, Plaintiffs qualify for equitable tolling of all applicable statutes of limitations.   It is not fair to hold the Plaintiffs accountable to discover wrongs which were impossible for them to discover, and which were concealed by Defendant's own wrongdoings.

Doc #19 at 2-3.

TILA claims must be brought "within one year from the date of the occurrence of the violation."  15 USC § 1640(e).  RESPA claims must be brought "1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation."  12 USC § 2614.  Plaintiffs' TILA and RESPA claims must be equitably tolled to survive dismissal because the alleged violations of both statutes occurred in 2006.  Plaintiffs

have not alleged facts showing that they were denied any "vital information bearing on the existence" of their TILA or RESPA claims.  Santa Maria, 202 F3d at 1178.  Indeed, even if plaintiffs were misled as to the mortgage loan amount, they were certainly put on notice of the actual amount at the time of their first, second and tenth mortgage payments.

Second, even if plaintiffs could truthfully plead that they were denied vital information, they have failed to provide reasons for "excusable delay" in bringing this action.  Id.  The only reason the plaintiffs offer for filing this lawsuit long after the end of the statutory period is that "their broker deceived them" and "they did not know the true terms of the loan until they hired counsel."  Doc #19 at 3.

Plaintiffs do not plead facts showing how the broker "deceived" them or what attempts they made to uncover the allegedly concealed "true terms of the loan."  In other words, they have not offered any allegations indicating that they acted with "due diligence" or with "excusable delay" in bringing this action.  Santa Maria, 202 F3d at 1178; see also O'Connor v Boeing N Am, Inc, 311 F3d 1139, 1157-58 (9th Cir 2002) (a plaintiff relying on delayed discovery or fraudulent concealment to toll limitations period must plead when and how she discovered her claim so the court can judge whether information triggering her filing had been available earlier).  Plaintiffs clearly state that the TILA violations were "apparent on the face" of every relevant loan document.  Compl ¶183.  If defendants' disclosure violations were so apparent, plaintiffs certainly could have brought their RESPA and TILA claims in a timely manner.  Although the "true terms" may

United States District Court
For the Northern District of California

not have been discoverable until they hired counsel, plaintiffs fail to inform the court when they hired counsel or when their attorney discovered the alleged TILA or RESPA violation. Plaintiffs' arguments in favor of tolling fail to present non-conclusory factual content.  Accordingly, defendants' motions to dismiss claims seven and eleven are GRANTED without leave to amend.

Plaintiffs present no additional facts, law, or argument regarding the timeliness of their intentional infliction of emotional distress, negligent infliction of emotional distress or negligence per se claims.  Tortuous claims brought in California require a filing within two years of the alleged violation.  Cal Rule Civ Proc § 335.1.  Because there is no further argument in the oppositions to support plaintiffs' tolling argument, claim twenty-two is time-barred and claims eighteen and nineteen are time-barred with regard to any alleged tortuous conduct during the formation and execution of the mortgage loan in 2006.  Accordingly, defendants' motions to dismiss claim twenty-two are GRANTED without leave to amend, and defendants' motions to dismiss claims eighteen and nineteen are GRANTED IN PART without leave to amend as to conduct in 2006.  Construing the facts in the most favorable light and giving plaintiffs the benefit of the doubt, claims eighteen and nineteen for intentional and negligent infliction of emotional distress are not time-barred to the extent they allege conduct associated with the 2009 non-judicial foreclosure, but are dismissed on other grounds with leave to amend, infra.

Plaintiffs' unfair debt collection claims, claims fourteen and twenty-three, are not, however, time-barred.  The relevant federal statutory provision states that "[a]n action to

enforce any liability created by this subchapter may be brought
* * * within one year from the date on which the violation occurs."
15 USC § 1692k.  The relevant California provision states that
"[a]ny action under this section may be brought * * * within one
year from the date of the occurrence of the violation."  Cal Civ
Code § 1788.30(f).  Although meritless, the alleged debt collection
violations occurred in March 2009, less than one year before
plaintiffs filed the complaint.

C

Plaintiffs' remaining claims all require a showing of
sufficient facts under a cognizable legal theory that defendants'
actions concerning either the 2009 non-judicial foreclosure or the
formation and execution of the 2006 mortgage loan were improper.
Plaintiffs fail to make this required showing, therefore
defendants' motions to dismiss the remaining claims are GRANTED.

1

The claims for quiet title (claim three), breach of the
duty to disclose (claim nine), slander of title (claim sixteen),
intentional infliction of emotional distress (claim eighteen),
negligent infliction of emotional distress (claim nineteen) and
unfair debt collection pursuant to 15 USC § 1692 and Cal Civ Code
§ 1788.17 (claims fourteen and twenty-four) each require a showing
that the 2009 non-judicial foreclosure was improper.  Plaintiffs
allege that "Defendants were not in possession of the Note, and
were not either holders in due course of the Note, or non-holders
entitled to payment * * * Defendants were proceeding to foreclose

9

United States District Court
For the Northern District of California

1   non-judicially without right under the law." Compl ¶44.

2   Plaintiffs further allege that the loan

3            was unconscionable and unenforceable in that the
4            payments exceeded Plaintiffs' income; that
             Defendants * * * did not disclose to Plaintiff
             the terms and conditions of the loan; that
5            subsequent holders of the Notes executed by
             Plaintiff, including but not limited to Chase
6            Home Finance, LLC, were not and are not lawful
             holders in due course of the Note and Deed of
7            Trust. Further, Plaintiff contends that
             Defendants, and each of them, had no right to
8            foreclose on Plaintiff's Note and Deed of Trust.

9   Id ¶74. Plaintiffs articulate the thrust of their twenty-four

10  claims in stating that "[s]ince there is no right to enforce the

11  negotiable instrument, the Notice of Default * * * and Notice of

12  Sale * * * were likewise never complied with, and there is no

13  subsequent incidental right to enforce any deed of trust and

14  conduct a non-judicial foreclosure." Id ¶86.

15            Under California law, a "trustee, mortgagee or

16  beneficiary or any of their authorized agents" may conduct a non-

17  judicial foreclosure process. Cal Civ Code § 2924(a)(1).

18           California Civil Code § 2924b(b)4, defines a
             "person authorized to record the notice of
19           default or the notice of sale" as "an agent for
             the mortgagee or beneficiary, an agent of the
20           named trustee, any person designated in an
             executed substitution of trustee, or an agent of
21           that substituted trustee." Cal Civ Code
             § 2924b(b)(4). California law does not require
22           that the original note be in the possession of
             the party initiating non-judicial foreclosure.
23
24  Gonzalez v Wells Fargo Bank, 2009 WL 3572118 at *5 (ND Cal 2009)

25  (internal quotes omitted).

26            Because California law does not require the original note

27  to be in the possession of the party initiating non-judicial

28  foreclosure and each relevant legal transfer, assignment or notice

**United States District Court**
For the Northern District of California

was in accordance with a contractual provision in the bargained for contract, plaintiffs fail to present a cognizable legal argument with regard to the validity of (1) the March 27, 2009 Notice of Default and Election to Sell Under Deed of Trust Notice (2) the May 4, 2009 Substitution of Trustee (3) the May 13, 2009 Assignment of Deed of Trust or (4) the July 1, 2009 Notice of Trustee Sale.

Claims fourteen and twenty-three allege violations of the federal and California unfair debt collection statutes, 15 USC § 1692 and Cal Civ Code § 1788.17.  Plaintiffs allege that they were subject to "harassment," "unconscionable means to collect or attempt to collect debt" and "deceptive means to collect or attempt to collect a debt from the Plaintiffs."  Compl ¶249.  Defendants argue that they are not debt collectors as defined by either statute because a non-judicial foreclosure is not a collection of debt.  Doc #10 at 36, Doc #18 at 13-14.  Even assuming that the statutes are applicable, plaintiffs fail to present non-conclusory factual allegations of prohibited conduct by defendants.  A determination of each defendant's status as a debt collector within the terms of the state or federal statute is unnecessary because the facts do not sufficiently allege an improper non-judicial foreclosure.  Plaintiffs' failure to sufficiently plead evidence indicating an improper non-judicial foreclosure renders the unfair debt collection claims moot.  Defendants' motions to dismiss claims fourteen and twenty-three are GRANTED with leave to amend.

Similarly, plaintiffs fail to present a legally cognizable argument with respect to their slander of title claim (claim sixteen).  At the core of plaintiffs' argument is that the Notice of Default was executed or recorded without privilege.

Id ¶213.  Pursuant to the court's determination above that the Notice was correctly executed, the argument is without merit, and the determination of whether or not the Notice was a privileged communication under Cal Civ Code § 2924 is moot.  Defendants' motions to dismiss claim sixteen are GRANTED with leave to amend.

Claim nine alleges that Voorhees breached the broker's duty to disclose the material terms of the Note and Deed of Trust, thereby rendering the 2009 non-judicial foreclosure unenforceable. Id ¶¶166-172.  As stated above, plaintiffs fail to present facts that suggest imperfections in the execution of the Note or Deed of Trust.  Voorhees' motion to dismiss claim nine is GRANTED with leave to amend.

The non-time-barred portions of plaintiffs' claims for intentional and negligent infliction of emotional distress (claims eighteen and nineteen) require a showing that the 2009 non-judicial foreclosure was improper.  Having failed to present non-conclusory facts or a cognizable legal argument with regard to the validity of (1) the March 27, 2009 Notice of Default and Election to Sell Under Deed of Trust Notice (2) the May 4, 2009 Substitution of Trustee (3) the May 13, 2009 Assignment of Deed of Trust or (4) the July 1, 2009 Notice of Trustee Sale, defendants' motions to dismiss claims eighteen and nineteen are GRANTED with leave to amend.

Having failed to oppose defendants' Request for Judicial Notice, and having failed to demonstrate that defendants did not comply with California or federal law in commencing the foreclosure process, plaintiffs cannot state a claim under any theory based on purported "failures" in the process.  Defendants' motions to dismiss claims three, nine, fourteen, sixteen, eighteen, nineteen and twenty-three are GRANTED with leave to amend.

**2**

Plaintiffs allege fraud (claim five), constructive fraud (claim six) and actual fraud pursuant to Cal Civ Code § 1572 (claim twenty-four).  Specifically plaintiffs allege that the "Broker had plaintiffs sign a blank application and then filled in the information fraudulently.  On information and belief, broker was coached by Lender on how to do so."  Id ¶108.  Plaintiffs further allege that although they were qualified for a prime loan "Defendants ushered Plaintiff into a subprime loan" that was "foreseeably doomed to fail."  Id ¶112.  Plaintiffs allege that the loan agreement was "a contract of adhesion" and that "no negotiations were possible."  Id ¶123.  Plaintiffs also allege that defendants, collectively, effectuated a fraudulent scheme intended to convert plaintiffs' right, title and interest to the defendants.  Id ¶120.

Construing the facts in the light most favorable to the plaintiffs, the allegations concerning the blank loan application are the only facts that are pled with additional particularity.  While these allegations provide increased specificity, plaintiffs fail to describe what in the application was fraudulently completed by Voorhees as the Broker, when these acts occurred, and how the plaintiffs were specifically injured as a result of the defendants' allegedly fraudulent acts.  Similarly, plaintiffs fail to allege specific facts that describe how and which defendants ushered them into signing the subprime loan over the prime loan.  Nor do the plaintiffs present facts that support or demonstrate that the mortgage loan was nonnegotiable.

Plaintiffs argue that "[a]n exception to the strict pleading standard for fraud is recognized when it appears the facts

lie more within the Defendant's knowledge than Plaintiffs." Doc #18 at 10. Yet, plaintiffs bring no facts to the attention of the court which could plausibly indicate that defendants have access to any additionally relevant information. Plaintiffs' suit concerns notices, assignments, notes and deeds that are all within the possession of both parties and before the court. There are no other facts or documents that could change the dynamics of the dispute or enhance the veracity of these claims.

The court notes that defendant Voorhees failed to include the forty-first page of plaintiffs' complaint, which undoubtedly includes allegations regarding the twenty-fourth cause of action for actual fraud and the first two prayers for relief. A claim for actual fraud in California requires a showing that defendants made knowing misrepresentations with an intent to deceive or induce plaintiffs into signing the mortgage loan. Cal Civ Code § 1572. For the reasons stated above, regarding claims for fraud and constructive fraud, the plaintiffs fail to plead adequate facts alleging deceptive behavior by defendants. Although no party brings the missing page of the complaint to the court's attention, none of the factual allegations alleged in the first forty pages of the complaint suggest any facts sufficient to support a claim of actual fraud that would overcome the defendants' motions to dismiss. Defendants' motions to dismiss plaintiffs' claims for fraud, constructive fraud and actual fraud, claims five, six and twenty-four, are GRANTED with leave to amend.

3

Claims one, two, ten, twelve, thirteen and seventeen allege statutory violations of California or federal law. For the

United States District Court
For the Northern District of California

following reasons plaintiffs' remaining statutory claims are dismissed without prejudice.

Claim one alleges a violation of Cal Rev & Tax Code §§ 23304, 23305a, seeking a cancellation of a voidable contract. Defendants claim that MERS is exempt from California registration requirements because it does not transact business in the state under Cal Corp Code § 191 which exempts corporations for "the enforcement of any loans by trustee's sale." Id § 191(d)(3). Plaintiffs allege that MERS "is in the business of operating a database and serving as a straw man for banks," but the facts as alleged fail to demonstrate that MERS performed actions outside of the enforcement of loans by trustee's sale. The May 13, 2009 Assignment of Deed of Trust, whereby MERS assigned all beneficial interest under the deed to Wells Fargo Bank, is the only specific action by MERS that plaintiffs expressly allege in their complaint. Compl ¶51, Doc #11 at 30. The MERS assignment is the type of act explicitly exempted by section 191(d)(3), and plaintiffs fail to allege any other actions by MERS beyond this exempted assignment. Defendants' motions to dismiss claim one are GRANTED with leave to amend.

Claim two alleges a violation of Cal Civ Code § 1189, seeking expungement of the Substitution of Trustee and the Assignment of Deed of Trust. Compl ¶¶56-59. Although plaintiffs allege that this is a strict compliance statute, Doc #18 at 6, the statute states that "any certificate of acknowledgment taken in another place shall be sufficient in this state if it is taken in accordance with the laws of the place where the acknowledgment is made." Cal Civ Code § 1189(b). The Court takes judicial notice that the Substitution of Trustee and Assignment of Deed of Trust

appear to have been taken in Texas.  Doc #11 Exs 3 and 4.
Plaintiffs fail to allege how either document was not in accordance
with the laws of Texas.  Defendants' motions to dismiss claim two
are GRANTED with leave to amend.

Claim ten alleges a violation of the California Legal
Remedies Act ("CLRA"), Cal Civ Code § 1770.  Plaintiffs and
defendants dispute the applicability of CLRA to real property and
the mortgage loans that accompany the sale of real property.  The
court declines the parties' invitation to rule on this undecided
question of California law because the plaintiffs fail to allege
facts that establish an actual violation of CLRA.  Although the
plaintiffs purport to identify twelve separate violations of CLRA,
Compl ¶¶29-30, they fail to present non-conclusory factual
allegations, therefore defendants' motions to dismiss claim ten are
GRANTED with leave to amend.

Claims twelve and thirteen allege violations of
California's Unfair Competition Laws ("UCL"), Cal Bus & Profs Code
§§ 17500, 17200.  Plaintiffs claim that defendants have engaged in
advertising that was inherently deceptive for the purpose of
inducing members of the public to enter into misleading mortgage
loans.  Compl ¶187.  Plaintiffs claim that "the loan titles were
inherently deceptive as to the true nature of the loan by, for
example, using the word 'fixed' to describe a variable rate loan
which is only fixed for an introductory period."  Id ¶189.
Sections 17200 and 17500 require showings of fact that demonstrate,
at very least, "unlawful conduct."  UCL § 17200 et seq.  The only
fact alleged is that the word "fixed" is used to describe a
variable rate loan, but plaintiffs fail to plead this fact with any
particularity.  Plaintiffs fail to allege how this statement is

16

**United States District Court**
For the Northern District of California

contrary to public policy, likely to mislead the public or how the term was misleading to the plaintiffs.  Plaintiffs fail to establish where the alleged advertisements were published or in what context the term "fixed" was even used by defendants. Plaintiffs fail to sufficiently allege facts that any of the defendants made misrepresentations regarding the formation of the mortgage loan or any point thereafter, therefore defendants' motions to dismiss claims twelve and thirteen are GRANTED with leave to amend.

Claim seventeen alleges a violation of the Racketeer Influences and Corrupt Organizations Act ("RICO"), 18 USC § 1961 et seq.  Plaintiffs allege that defendants were effectuating a fraudulent scheme to take title of their property from the inception of the mortgage loan agreement.  Compl ¶120.  Plaintiffs further allege that "Defendants and each of them participated in a scheme of racketeering as that terms [sic] is defined in the Racketeer Influenced and Corrupt Organizations Act."  Id ¶218. This is a legal conclusion and not a specifically pled fact or a cognizable legal theory.  Plaintiffs fail to make a single factual allegation that identifies an illicit enterprise as defined by the RICO act, which is a pleading burden expressly required by the statute.  18 USC § 1962(a-d).  Defendants' motions to dismiss claim seventeen are GRANTED with leave to amend.

Plaintiffs fail to state a substantive claim upon which relief can be granted, thereby rendering moot their remedial claims for an accounting (claim four), reformation (claim eight), declaratory relief (claim fifteen), rescission (claim twenty) and injunctive relief (claim twenty-one).  Defendants' motions to

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

dismiss claims four, eight, fifteen, twenty and twenty-one are GRANTED without prejudice.

III

For the reasons stated herein, defendants' motions to dismiss claims seven, eleven, eighteen, nineteen and twenty-two are GRANTED without leave to amend except those portions of claims eighteen and nineteen for intentional and negligent infliction of emotional distress to the extent based upon the 2009 non-judicial foreclosure which are dismissed with leave to amend, as hereafter provided.

Defendants' motions to dismiss claims one, two, three, four, five, six, eight, nine, ten, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, twenty, twenty-one, twenty-three and twenty-four are GRANTED with leave to amend. As directed by the court at the hearing, plaintiffs must plead additional facts with enhanced particularity and explicitly identify which defendants are implicated in each individual claim. Plaintiffs must file an amended complaint on or before March 22, 2010. If plaintiffs fail to file a timely amended complaint, the court will dismiss all the claims with prejudice and enter judgment for defendants.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge